# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     **Plaintiff,**<br><br>     **v.**<br><br>**WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.,**<br><br>     **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:05-CV-02179-CKK |
| STATE OF COLORADO, COMMONWEALTH OF VIRGINIA, STATE OF MARYLAND, STATE OF ALASKA, STATE OF ARIZONA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF FLORIDA, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF IOWA, STATE OF KANSAS, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MAINE, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF NEVADA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH CAROLINA, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF UTAH, STATE OF VERMONT,<br><br>     **Plaintiffs,**<br><br>     **v.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:05-CV-02182-CKK<br>)<br>)    **JURY TRIAL DEMANDED**<br>)<br>) |

WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT )
(US) INC., WARNER CHILCOTT COMPANY, )
INC., and BARR PHARMACEUTICALS, INC., )
)
       Defendants. )
)
_____ )
)
MEIJER, INC. and MEIJER DISTRIBUTION, )
INC., on behalf of themselves and all others )
similarly situated, )
)
       Plaintiffs, )
)
       v. )
)
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD.; WARNER CHILCOTT )
CORPORATION; WARNER CHILCOTT (US) )
INC.; GALEN (CHEMICALS), LTD.; and )
BARR PHARMACEUTICALS, INC., )
)
       Defendants. )
)
_____ )
)
LOUISIANA WHOLESALE DRUG CO., INC., )
on behalf of itself and all others similarly )
situated, )
)
       Plaintiff, )
)
       v. )
)
WARNER CHILCOTT PUBLIC LIMITED )
COMPANY, WARNER CHILCOTT )
HOLDINGS COMPANY III, LTD., WARNER )
CHILCOTT CORPORATION, WARNER )
CHILCOTT (US) INC., GALEN )
(CHEMICALS) LTD., and BARR )
PHARMACEUTICALS, INC., )
)
       Defendants. )
)
_____ )
)
)

Civil Action No.: 1:05-CV-02195-CKK

JURY TRIAL DEMANDED

Civil Action No.: 1:05-CV-02210-CKK

JURY TRIAL DEMANDED

ROCHESTER DRUG CO-OPERATIVE, INC., )
on behalf of itself and all others similarly )
situated, )
                                  )
            Plaintiff, )
                                  )     Civil Action No.: 1:05-CV-02257-CKK
       v. )
                                    )     JURY TRIAL DEMANDED
WARNER CHILCOTT PUBLIC LIMITED )
COMPANY, WARNER CHILCOTT )
HOLDINGS COMPANY III, LTD., WARNER )
CHILCOTT CORPORATION, WARNER )
CHILCOTT (US) INC., GALEN )
(CHEMICALS) LTD., and BARR )
PHARMACEUTICALS, INC., )
                                  )
          Defendants. )
_____ )
                                  )
VALLEY WHOLESALE DRUG COMPANY, )
INC., individually and on behalf of all others )
similarly situated, )
                                  )
            Plaintiff, )
                                    )     Civil Action No.: 1:05-CV-02321-CKK
       v. )
                                    )     JURY TRIAL DEMANDED
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT (US) )
INC., GALEN (CHEMICALS), LTD., and )
BARR PHARMACEUTICALS, INC., )
                                  )
          Defendants. )
_____ )
                                  )
VISTA HEALTHPLAN, INC., on behalf of itself )
and all others similarly situated, )
                                  )
            Plaintiff, )
                                    )     Civil Action No.: 1:05-CV-02327-CKK
       v. )
                                    )     JURY TRIAL DEMANDED
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT (US) )

3

INC., GALEN (CHEMICALS), LTD., and )
BARR PHARMACEUTICALS, INC. )
)
    Defendants. )
)
_____ )
)
AMERICAN SALES COMPANY, INC., on )
behalf of itself and all others similarly situated, )
)
    Plaintiff, )
)                                               Civil Action No.: 1:05-CV-02335-CKK
    v. )
)                                               JURY TRIAL DEMANDED
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD.; WARNER CHILCOTT )
CORPORATION; WARNER CHILCOTT (US) )
INC.; GALEN (CHEMICALS) LTD.; and )
BARR PHARMACEUTICALS, INC., )
)
    Defendants. )
)
_____ )
)
SAJ DISTRIBUTORS, INC. and STEPHEN L. )
LaFRANCE HOLDINGS, INC., individually )
and on behalf of all others similarly situated, )
)
    Plaintiffs, )
)                                               Civil Action No.: 1:05-CV-02459-CKK
    v. )
)                                               JURY TRIAL DEMANDED
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT (US) )
INC., GALEN (CHEMICALS) LTD., and )
BARR PHARMACEUTICALS, INC., )
)
    Defendants. )
)
_____ )

## DEFENDANTS' JOINT MOTION TO CONSOLIDATE
## AND SUPPORTING MEMORANDUM OF LAW

Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings

Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott

Company, Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc. ("Defendants" or "Warner Chilcott and Barr"), respectfully request the entry of an order consolidating the above-captioned actions for pre-trial purposes. Federal Rule of Civil Procedure Rule 42(a) provides that a court may order consolidation when actions pending before it involve common questions of law or fact. Here, the Federal Trade Commission, numerous states, and several purported plaintiff classes have filed nine separate antitrust complaints. These nine actions assert similar claims against the same set of Defendants and all target the same alleged conduct. In support of this motion, Defendants state as follows:

1.    The FTC and State Plaintiffs filed complaints in the United States District Court for the District of Columbia on November 7, 2005 and filed amended complaints on December 2, 2005. In quick succession, six additional complaints were filed against Defendants in the United States District Court for the District of Columbia by the following plaintiffs: Meijer, Inc. and Meijer Distribution (November 9, 2005), Louisiana Wholesale Drug Co., Inc. (November 14, 2005), Rochester Drug Co-Operative, Inc. (November 21, 2005), Valley Wholesale Drug Company, Inc. (December 2, 2005), Vista Healthplan, Inc. (December 5, 2005), and American Sales Company, Inc. (December 6, 2005). All of these actions seek resolution of substantially the same issues and, accordingly, were designated as related cases and assigned to the Honorable Colleen Kollar-Kotelly.

2.    Two similar actions were also filed against Defendants in two different judicial districts. SAJ Distributors, Inc. and Stephen LaFrance Holdings, Inc. ("SAJ") filed an action on November 22, 2005 in the Eastern District of Pennsylvania, and Jabo's Pharmacy, Inc. filed a complaint on November 30, 2005 in the Eastern District of Tennessee.

3.      On December 9, 2005, Defendants filed a Joint Motion to Consolidate and Transfer for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 and Brief in Support thereof before the Judicial Panel on Multidistrict Litigation (attached as Exhibit 11). Both SAJ and Jabo's Pharmacy then voluntarily dismissed their actions in their respective districts on December 20, 2005 (attached as Exhibits 12 and 13). In its Notice of Dismissal, SAJ stated that it intended "to file the action as a related case to those cases already pending in the United States District Court for the District of Columbia." *See SAJ Distribs.* Notice of Dismissal at ¶ 1. SAJ then refiled its action in this judicial district on December 23, 2005 (attached as Exhibit 14).[1]

4.      On December 27, 2005, Defendants filed a Withdrawal of its Motion to Consolidate and Transfer Subject to Renewal upon the subsequent filing of additional actions in different judicial districts (attached as Exhibit 15). On that same day, the Judicial Panel on Multidistrict Litigation entered an order deeming the Defendants' Joint Motion to Consolidate and Transfer moot, stating that the "two dismissals . . . have deprived this litigation of its multidistrict character" (attached as Exhibit 17).

5.      To avoid a significant waste of judicial resources, unnecessary costs and delay, and the potential for inconsistent results in the nine actions pending before this Court, Defendants now seek an order consolidating all nine actions and any actions later filed or transferred to this Court for pretrial proceedings.

6.      Each of the nine pending actions detailed below are centered on virtually identical allegations that Defendants entered into anticompetitive or illegal agreements relating to branded and generic Ovcon, an oral contraceptive:

---

[1]      Defendants also understand that Jabo's Pharmacy intends to refile its complaint in the United States District Court for the District of Columbia.

a.  *FTC v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02179-CKK (D.D.C.): This action for injunctive and other equitable relief alleges a violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) (2005), and seeks a permanent injunction and other equitable relief to remedy a "horizontal agreement not to compete between Warner Chilcott and Barr . . . ." *FTC* First Am. Compl. ¶ 1 (attached as Exhibit 1).

b.  *State of Colorado, et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02182-CKK (D.D.C.): This action for injunctive and equitable relief, civil penalties, and attorneys' fees alleges a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (2005), and various state claims. Plaintiffs, purportedly on behalf of 34 states and the District of Columbia, allege that Defendants entered into an "Illegal Agreement not to Compete." *State Plaintiffs* First Am. Compl. § E (attached as Exhibit 2).

c.  *Meijer, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02195-CKK (D.D.C.): This action for treble damages, pre- and post-judgment interest, attorneys' fees and "other and further relief as the Court deems just and proper" alleges a violation of Section 1 of the Sherman Act. Plaintiffs, purportedly on behalf of a nationwide class of direct purchasers, claim that the case involves a "horizontal agreement between Warner Chilcott and Barr not to compete . . . ." *Meijer* Compl. ¶ 1 (attached as Exhibit 3).

d.  *La. Wholesale Drug Co., Inc. v. Warner Chilcott PLC, et al.*, Civ. No. 1:05-CV-02210-CKK (D.D.C.): This action for treble damages and attorneys' fees alleges a violation of Section 1 of the Sherman Act. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, alleges that Warner Chilcott and Barr entered into a "horizontal agreement not to compete." *La. Wholesale Drug* Compl. ¶ 2 (attached as Exhibit 4).

e.  *Rochester Drug Co-op., Inc. v. Warner Chilcott PLC, et al.*, Civ. No. 1:05-CV-02257-CKK (D.D.C.): This action for treble damages and attorneys' fees alleges a violation of Section 1 of the Sherman Act. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, contends that Defendants entered into a "Horizontal Agreement Not to Compete." *Rochester Drug* Compl. § D (attached as Exhibit 5).

f.  *Valley Wholesale Drug Co., Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02321-CKK (D.D.C.): This action for injunctive relief, treble damages, attorneys' fees, and "other, further and different relief" alleges a violation of Section 1

of the Sherman Act. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, asserts that Defendants entered into a "horizontal agreement not to compete . . . ." *Valley Wholesale Drug* Compl. ¶ 3 (attached as Exhibit 6).

g.  *Vista Healthplan, Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02327-CKK (D.D.C.): This action for "damages, and, where applicable, treble, multiple, and other damages, including interest," awards of "the amounts by which Defendants have been unjustly enriched," injunctive relief, attorneys' fees and "other and further" relief alleges a violation of Section 1 of the Sherman Act and violations of the consumer protection acts of all 50 States and the District of Columbia, as well as various state antitrust statutes. Plaintiff, purportedly on behalf of a nationwide class of third party payors, claims that this case concerns a "horizontal agreement between Warner Chilcott and Barr . . . not to compete . . . ." *Vista Healthplan* Compl. ¶ 1 (attached as Exhibit 7).

h.  *Am. Sales Co., Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02335-CCK (D.D.C.): This action for treble damages, attorneys' fees and "other appropriate relief" alleges a violation of Section 1 of the Sherman Act. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, alleges a "horizontal agreement not to compete" between Defendants. *Am. Sales* Compl. ¶ 1 (attached as Exhibit 8).

i.  *SAJ Distribs., Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02459-CKK (D.D.C.): This action for treble damages, attorneys' fees and "other, further, and different relief" was initially filed in the Eastern District of Pennsylvania. *See* attached Exhibit 9. Plaintiffs' complaint, refiled in this judicial district, alleges a violation of Section 1 of the Sherman Act. Plaintiffs, purportedly on behalf of a nationwide class of direct purchasers, also claim that Defendants entered into an "illegal agreement not to compete." *SAJ Distribs.* Compl. ¶ 24 (attached as Exhibit 14).[2]

---

[2]  Jabo's Pharmacy, Inc. also filed an action against Defendants in the Eastern District of Tennessee on or about November 30, 2005 (attached as Exhibit 10). Following Defendants' filing of its Joint Motion to Consolidate and Transfer for Pretrial Proceedings, however, plaintiff voluntarily dismissed the action on December 22, 2005. *See Jabo's Pharmacy* Notice of Dismissal (attached as Exhibit 13).

As noted above, Jabo's Pharmacy is expected to refile its action in this judicial district. This action is substantially identical to the nine other actions currently pending in this judicial district. In its original complaint filed in the Eastern District of Tennessee, Jabo's Pharmacy, purportedly on behalf of indirect purchasers in 23 states and the District of Columbia, alleged a violation of the Tennessee Trade Practices Act, TENN. CODE ANN. § 47-25-101, *et seq.* and "the antitrust laws of the Class Jurisdictions." *Jabo's Pharmacy*

7.    Defendants now submit, pursuant to Federal Rule of Civil Procedure 42(a), this Motion to Consolidate. Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

8.    Under Rule 42(a) of the Federal Rules of Civil Procedure, this Court has broad discretion to consolidate cases pending within its district and to make such orders "as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. Rule 42(a); *see also Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002).

9.    Consolidation is particularly appropriate where, as in this case, the actions arise in connection with the same underlying agreement or arrangement. *See, e.g., Internet Law Library, Inc. v. Southridge Cap. Mgmt. LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (consolidating actions involving related legal claims revolving around stock purchase agreement); *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 644-45 (E.D. Wis. 1998) (consolidating actions for all purposes where cases involved same distribution agreement); *Edward Kraemer & Sons, Inc. v. City of Kansas City*, 874 F. Supp. 332, 336 (D. Kan. 1995) (consolidating actions involving same contract).

10.    A court may consolidate cases "if such consolidation will help it manage its caseload with 'economy of time and effort for itself, for counsel, and for litigants.'" *Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 43-44 (D.D.C. 2000), *rev'd on other grounds sub nom. Pharmachemie B.V. v. Barr Labs.*, 276 F. 3d 627 (D.C. Cir. 2002) (quoting *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936)) (consolidating cases and

---

Compl. ¶ 76. Plaintiff claimed that this case concerned a "horizontal agreement between Warner Chilcott and Barr . . . not to compete . . . ." *Jabo's Pharmacy* Compl. ¶ 1.

noting that "plaintiffs' requests for different forms of relief do not vitiate the propriety of consolidation, but rather, consolidation is proper to *any* or *all* matters in issue which are [in] common"). When exercising its discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

11.    The nine actions currently before the Court are ideally situated for consolidation. Although each complaint varies slightly in the way in which it phrases its allegations, all nine cases rise and fall on the alleged illegality of the Defendants' agreements relating to Ovcon and, thus, resolution of each action will require the trier of fact to determine the legality of these agreements. As the State Plaintiffs stated in its First Amended Complaint, "all claims under federal and state law are based upon a common nucleus of operative fact." *State Plaintiffs* First Am. Compl. ¶ 12; *see also American Sales Company, Inc.'s* Memorandum of Law in Support of its Response to Defendants' Joint Motion to Consolidate and Transfer Related Actions for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 ¶¶ 5-7 (attached as Exhibit 16) (arguing that consolidation of all ten pending actions was appropriate given that, among other factors, the "actions arise out of the same factual circumstances" and involve "numerous common questions of fact and law"). Even cursory examination and comparison of the nine complaints reveal that these complaints all share, and are built upon, the same factual foundation. Specifically, each and every complaint alleges that:

- Warner Chilcott markets and sells Ovcon, an oral contraceptive. *See FTC* First Am. Compl. ¶ 28; *State Plaintiffs* First Am. Compl. ¶ 33; *Meijer* Compl. ¶ 2; *La. Wholesale Drug* Compl. ¶ 3; *Rochester Drug* Compl. ¶ 3; *SAJ Distribs.* Compl. ¶ 26; *Jabo's Pharmacy* Compl. ¶ 2; *Valley Wholesale Drug* Compl. ¶ 30; *Vista Healthplan* Compl. ¶ 34; *Am. Sales* Compl. ¶ 11.

- Barr manufactures and sells pharmaceutical products. *See FTC* First Am. Compl. ¶ 18; *State Plaintiffs* First Am. Compl. ¶ 3; *Meijer* Compl. ¶ 3; *La.*

*Wholesale Drug* Compl. ¶2; *SAJ Distribs.* Compl. ¶13; *Rochester Drug* Compl. ¶2; *Jabo's Pharmacy* Compl. ¶3; *Valley Wholesale Drug* Compl. ¶13; *Vista Healthplan* Compl. ¶17; *Am. Sales* Compl. ¶13.

- Barr filed an Abbreviated New Drug Application ("ANDA") with the FDA for approval to market an "AB-rated" generic version of Ovcon in September 2001. *See FTC* First Am. Compl. ¶33; *State Plaintiffs* First Am. Compl. ¶35; *Meijer* Compl. ¶38; *La. Wholesale Drug* Compl. ¶35; *Rochester Drug* Compl. ¶35; *SAJ Distribs.* Compl. ¶30; *Jabo's Pharmacy* Compl. ¶36; *Valley Wholesale Drug* Compl. ¶33; *Vista Healthplan* Compl. ¶37; *Am. Sales* Compl. ¶21.

- In January 2003, Barr publicly announced its intention to market generic Ovcon by the end of 2003. *See FTC* First Am. Compl. ¶34; *State Plaintiffs* First Am. Compl. ¶36; *Meijer* Compl. ¶39; *La. Wholesale Drug* Compl. ¶36; *Rochester Drug* Compl. ¶36; *SAJ Distribs.* Compl. ¶31; *Jabo's Pharmacy* Compl. ¶37; *Valley Wholesale Drug* Compl. ¶34; *Vista Healthplan* Compl. ¶38; *Am. Sales* Compl. ¶21.

- In March 2004 Defendants signed a license and supply agreement. *See FTC* First Am. Compl. ¶46; *State Plaintiffs* First Am. Compl. ¶48; *Meijer* Compl. ¶51; *La. Wholesale Drug* Compl. ¶49; *Rochester Drug* Compl. ¶48; *SAJ Distribs.* Compl. ¶39; *Jabo's Pharmacy* Compl. ¶49; *Valley Wholesale Drug* Compl. ¶45; *Vista Healthplan* Compl. ¶4; *Am. Sales* Compl. ¶28.

- The FDA approved Barr's ANDA to produce and market generic Ovcon on April 22, 2004. *See FTC* First Am. Compl. ¶49; *State Plaintiffs* First Am. Compl. ¶51; *Meijer* Compl. ¶53; *La. Wholesale Drug* Compl. ¶52; *Rochester Drug* Compl. ¶51; *SAJ Distribs.* Compl. ¶40; *Jabo's Pharmacy* Compl. ¶51; *Valley Wholesale Drug* Compl. ¶47; *Vista Healthplan* Compl. ¶52; *Am. Sales* Compl. ¶30.

- Warner Chilcott exercised its option under the license and supply agreement on May 6, 2004. *See FTC* First Am. Compl. ¶52; *State Plaintiffs* First Am. Compl. ¶53; *Meijer* Compl. ¶55; *La. Wholesale Drug* Compl. ¶55; *Rochester Drug* Compl. ¶54; *SAJ Distribs.* Compl. ¶41; *Jabo's Pharmacy* Compl. ¶53, *Valley Wholesale Drug* Compl. ¶49; *Vista Healthplan* Compl. ¶54; *Am. Sales* Compl. ¶30.

- As a result of Warner Chilcott and Barr's agreement, purchasers of Ovcon are either paying more for the drug than they would absent the agreement, *see FTC* First Am. Compl. ¶66; *Meijer* Compl. ¶8; *La. Wholesale Drug* Compl. ¶70; *Rochester Drug* Compl. ¶6; *SAJ Distribs.* Compl. ¶46; *Jabo's Pharmacy* Compl. ¶72; *Valley Wholesale Drug* Compl. ¶64; *Vista Healthplan* Compl. ¶58; *Am. Sales* Compl. ¶47, or are prevented from buying a generic version of Ovcon, *see State Plaintiffs* First Am. Compl. ¶9.

12.     As all nine cases involve the same Defendants and arise out of the same set of core operative facts, the parties in all nine cases will seek to depose the same witnesses and to discover the same documents to prove or defend the claims alleged. Pre-trial briefing in the nine cases will thus be based on the same set of law and facts. Accordingly, the judicial interests of convenience and economy would be furthered by consolidation of these nine pending cases, and any additional cases later filed in or transferred to this Court. *See SAJ Distribs.* Notice of Dismissal ¶ 1 (stating that it intended to refile its action "as a related case to those cases already pending" in the District of Columbia "in the interest of judicial economy and to avoid unnecessary motion practice").

13.     Because all nine cases have been brought against the same set of Defendants, and all nine cases are centered on the same set of operative facts, there is no risk of confusion. Furthermore, neither motion practice nor discovery has commenced in any of the nine actions. Thus, plaintiffs will not be prejudiced through consolidation of these nine actions.

14.     Consolidation thus is appropriate because these nine actions present identical issues of law and fact, and consolidation for pre-trial purposes will promote judicial economy and reduce delay in discovery that would result from duplicative pre-trial proceedings. Defendants submit that at this time it is not necessary to decide whether the cases should be consolidated for trial, but that the parties and the Court can address that issue at a later date in the context of the litigation as it develops.

15.     Pursuant to Local Rule 7(m), Defendants have conferred with counsel for the plaintiffs via telephone regarding this motion, and plaintiffs do not consent. Defendants understand that the direct purchaser plaintiffs consent to consolidation of only the direct purchaser cases but not overall consolidation. Defendants also understand that the FTC and

State Plaintiffs consent to their cases being consolidated for pretrial purposes but do not consent to consolidation with the direct and indirect purchaser class actions. Defendants submit, however, that because the discovery, motions practice, and briefing will be substantially similar and overlapping in all cases, efficiency and judicial economy will be enhanced by consolidation for pretrial purposes. The Court can differentiate between the FTC and State Plaintiffs on the one hand and the class actions on the other simply by consolidating for all pretrial purposes except class certification proceedings.

16.    In the alternative, Defendants seek an order, at the very least, (1) *consolidating* the FTC action with the State Plaintiffs' action for all pretrial purposes; (2) *consolidating* the six actions brought on behalf of direct purchasers now pending or later filed in or transferred to this Court arising out of the same operative facts for all pretrial purposes; (3) *consolidating* the action brought on behalf of indirect purchasers and any action later filed in or transferred to this Court arising out of the same operative facts for all pretrial purposes; and (4) *coordinating all* pending cases for pretrial purposes. In the absence of formal consolidation or at least coordination, duplicative discovery, motions practice, and filing and docketing procedures will occur. Accordingly, Defendants submit that consolidation would most advance the efficient resolution of these actions, but that at the very least consolidation of the three groups of cases and overall coordination should be ordered.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order consolidating the nine attached actions and any additional cases later filed in or transferred to this Court for pre-trial purposes. Defendants will seek to negotiate an appropriate Case Management Order with plaintiffs to submit to the Court.

Date:    January 6, 2006

_signature_

Kevin J. Arquit (D.C. Bar # 438511)
Charles E. Koob (*pro hac vice pending*)

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals) Ltd.*

Respectfully submitted,

_signature_

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Chong S. Park (D.C. Bar # 463050)

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, District of Columbia  20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

14