UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF COLORADO
by Attorney General John W. Suthers
1525 Sherman Street, Fifth Floor
Denver, Colorado 80203

COMMONWEALTH OF VIRGINIA
by Attorney General Judith Williams Jagdmann
900 East Main Street
Richmond, Virginia 23219

STATE OF MARYLAND
by Attorney General J. Joseph Curran, Jr.
200 St. Paul Street
Baltimore, Maryland 21202

STATE OF ALASKA
by Attorney General David W. Marquez
1031 W. 4th Avenue #200
Anchorage, Alaska 99501

STATE OF ARIZONA
by Attorney General Terry Goddard
1275 West Washington
Phoenix, Arizona 85007-2926

STATE OF ARKANSAS
by Attorney General Mike Beebe
323 Center Street, Suite 200
Little Rock, Arkansas 72201

STATE OF CALIFORNIA
by Attorney General Bill Lockyer
1515 Clay St.
Oakland, California 94612

STATE OF DELAWARE
by Attorney General M. Jane Brady
Carvel State Office Building
820 N. French Street
Wilmington, Delaware 19801

Civil Action 1:05-cv-02182-CKK

DISTRICT OF COLUMBIA
by Attorney General Robert J. Spagnoletti
441 Fourth Street, NW, Suite 450N
Washington, District of Columbia 20001

STATE OF FLORIDA
by Attorney General Charles J. Crist, Jr.
PL-01 The Capitol
Tallahassee, Florida 32399

STATE OF IDAHO
by Attorney General Lawrence Wasden
650 W. State Street, Lower Level
Boise, Idaho 83720-0010

STATE OF ILLINOIS
by Attorney General Lisa Madigan
100 West Randolph Street, 13th Floor
Chicago, Ilinois 60601

STATE OF IOWA
by Attorney General Thomas J. Miller
2nd Floor, Hoover Office Building
East 13th and Walnut
Des Moines, Iowa 50319

STATE OF KANSAS
by Attorney General Phill Kline
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612

COMMONWEALTH OF KENTUCKY
by Attorney General Gregory D. Stumbo
1024 Capital Center Drive
Frankfort, Kentucky 40601

STATE OF LOUISIANA
by Attorney General Charles C. Foti, Jr.
1885 N. 3rd Street, 4th Floor
Baton Rouge, Louisiana 70802

STATE OF MAINE
by Attorney General G. Steven Rowe
6 State House Station
Augusta, Maine 04333-0006

COMMONWEALTH OF MASSACHUSETTS
by Attorney General Thomas F. Reilly
One Ashburton Place
Boston, Massachusetts 02108

STATE OF MICHIGAN
by Attorney General Michael A. Cox
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913

STATE OF MINNESOTA
by Attorney General Mike Hatch
102 State Capitol
St. Paul, Minnesota  55155-1609

STATE OF MISSISSIPPI
by Attorney General Jim Hood
Post Office Box 22947
Jackson, Mississippi 39225

STATE OF MISSOURI
by Attorney General Jeremiah (Jay) W. Nixon
P.O. Box 899
Jefferson City, MO 65102

STATE OF NEVADA
By Attorney General George J. Chanos
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101

STATE OF NEW YORK
by Attorney General Eliot Spitzer
120 Broadway, Suite 26C
New York, New York 10271-0332

STATE OF NORTH CAROLINA
by Attorney General Roy Cooper
9001 Mail Service Center
Raleigh, NC 27699-9001

STATE OF NORTH DAKOTA
by Attorney General Wayne Stenehjem
P.O. Box 1054
Bismarck, North Dakota 58502-1054

STATE OF OHIO
by Attorney General Jim Petro
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215

STATE OF OKLAHOMA
by Attorney General W.A. Drew Edmonson
4545 N. Lincoln Boulevard, Suite 260
Oklahoma City, Oklahoma 73105

STATE OF OREGON
by Attorney General Hardy Myers
1162 Court Street NE
Salem, Oregon 97301

STATE OF RHODE ISLAND
by Attorney General Patrick C. Lynch
150 South Main Street
Providence, Rhode Island 02903

STATE OF SOUTH CAROLINA
by Attorney General Henry D. McMaster
Rembert C. Dennis Building
1000 Assembly Street, Suite 501
Columbia, South Carolina 29211-1549

STATE OF TENNESSEE
by Attorney General Paul G. Summers
P.O. Box 20207
Nashville, Tennessee 37202-0207

STATE OF TEXAS
by Attorney General Greg Abbott
P.O. Box 12548
Austin, Texas 78711

STATE OF UTAH
by Attorney General Mark L. Shurtleff
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84111

and

STATE OF VERMONT
by Attorney General William H. Sorrell
109 State Street
Montpelier, Vermont 05609-1001

PLAINTIFFS,

v.

WARNER CHILCOTT HOLDINGS
COMPANY III, LTD.
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT CORPORATION
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT (US) INC.
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT COMPANY, INC.
Union Street, Km. 1.1
Fajardo, Puerto Rico 00738

and

BARR PHARMACEUTICALS, INC.
2 Quaker Road
Box 2900
Pomona, New York 10970

DEFENDANTS.

## FIRST AMENDED COMPLAINT

The states of Colorado, Maryland, Alaska, Arizona, Arkansas, California, Delaware,

Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Michigan, Minnesota, Mississippi,

Missouri, Nevada, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode

Island, South Carolina, Tennessee, Texas, Utah, and Vermont, the commonwealths of Kentucky,

5

Massachusetts and Virginia, and the District of Columbia, by their Attorneys General ("Plaintiff States" or "States"), bring this action against Defendants Warner Chilcott Holdings Company III, Limited, Warner Chilcott Corporation, Warner Chilcott (US), Inc., Warner Chilcott Company, Inc., (collectively "Warner Chilcott") and Barr Pharmaceuticals, Inc. ("Barr") and make the following allegations:

## SUMMARY OF COMPLAINT

1.  Warner Chilcott and Barr entered into an anticompetitive agreement not to compete, in violation of the antitrust laws.

2.  Warner Chilcott is a pharmaceutical company that develops, manufactures, and markets proprietary women's healthcare and dermatology prescription pharmaceutical products.

3.  Barr is a pharmaceutical company that develops, manufactures, and markets generic and proprietary prescription pharmaceutical products.

4.  Warner Chilcott markets Ovcon, a proprietary prescription pharmaceutical product that contains norethindrone and ethinyl estradiol as its active pharmaceutical ingredients.  Ovcon is an oral contraceptive product prescribed to women for the prevention of pregnancy.

5.  Warner Chilcott is the exclusive marketer of Ovcon, pursuant to an agreement with Bristol-Myers Squibb.

6.  Barr developed a generic version of Ovcon and submitted an abbreviated new drug application ("ANDA") for generic versions of Ovcon with the U.S. Food and Drug Administration ("FDA").

7.  On or about March 24, 2004, Warner Chilcott and Barr entered into an Option and License Agreement (the "Agreement") not to compete.  Warner Chilcott exercised that option on May 6, 2004.

6

8.   Prior to May 6, 2004, Barr planned on competing with Warner Chilcott by marketing its lower-priced generic version of Ovcon after obtaining FDA approval.

9.   The Agreement prevented Plaintiff States and other persons from purchasing a less-expensive generic version of Ovcon.

10. The States request a finding that Warner Chilcott and Barr violated state and federal antitrust and related laws, a permanent injunction barring Warner Chilcott and Barr from engaging in similar conduct in the future, other equitable relief, civil penalties, and/or other relief for injuries caused by the illegal Agreement.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and Section 16 of the Clayton Act, 15 U.S.C. § 26, and 28 U.S.C. §§ 1331 and 1337.  In addition to pleading violations of federal antitrust law, the States also allege violations of state antitrust, consumer protection and/or unfair competition statutes and related state laws.  The States seek civil penalties and/or equitable relief under those state laws.

12. All claims under federal and state law are based upon a common nucleus of operative fact, and the entire action commenced by this Complaint constitutes a single case that would ordinarily be tried in one judicial proceeding.

13. This Court has jurisdiction of state law claims under 28 U.S.C. §1367(a), as well as under the principles of supplemental jurisdiction.  Supplemental jurisdiction will avoid unnecessary duplication and multiplicity of actions and should be exercised in the interests of judicial economy, convenience, and fairness.

14. Venue is proper in this Court under Section 12 of the Clayton Act, 15 U.S.C. § 22 and under 28 U.S.C. §§ 1391(b) and (c), because: (1) Warner Chilcott and Barr transact business and

are found within this district; and (2) a substantial portion of the affected trade and commerce described below has been carried out in this district.

## PARTIES

15. Defendant Warner Chilcott Holdings Company III, Limited, is a privately-owned for-profit enterprise organized under the laws of Bermuda, with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129.

16. Defendant Warner Chilcott Corporation is a for-profit Delaware corporation with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129. Defendant Warner Chilcott Corporation is an indirect wholly-owned subsidiary of Defendant Warner Chilcott Holdings Company III, Limited.

17. Defendant Warner Chilcott (US), Inc., is a for-profit Delaware corporation with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129. Defendant Warner Chilcott (US), Inc., is a direct wholly-owned subsidiary of Defendant Warner Chilcott Corporation.

18. Warner Chilcott develops, manufactures, and markets proprietary women's healthcare and dermatology prescription pharmaceutical products. For the fiscal quarter ending March 31, 2005, Warner Chilcott Holdings Company III, Limited reported net revenue of approximately $133.7 million. During that period, sales of Ovcon increased 30.8% to approximately $22,900,000 for the quarter.

19. Defendant Warner Chilcott Company, Inc., a wholly-owned subsidiary of Warner Chilcott Holdings Company III, Ltd., is organized, existing, and doing business under and by virtue of the laws of the Commonwealth of Puerto Rico.

20. Defendant Barr Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business at 400 Chestnut Ridge Rd., Woodcliff Lake, New Jersey 07677-7668. Barr Laboratories, Inc., is a wholly-owned subsidiary of Barr Pharmaceuticals, Inc. Barr develops, manufactures, and markets generic and proprietary prescription pharmaceutical products.

21. The Plaintiff States bring this action 1) in their proprietary and/or sovereign capacities, which may include state departments, agencies, political subdivisions, and other instrumentalities as purchasers (either directly, indirectly, or as assignees); and 2) as a civil law enforcement action.

## FACTUAL BACKGROUND

### A.    New Drug Applications

22. A drug manufacturer must obtain approval from the U.S. Food and Drug Administration ("FDA") before the manufacturer may lawfully introduce a new drug in the United States.

23. To have one of its new drugs considered for approval, a manufacturer must file a New Drug Application ("NDA") with the FDA. The NDA must contain information demonstrating that the drug is safe and effective for its intended use.

24. A drug that is approved through the NDA process may be listed by the FDA as a "Reference Listed Drug" in the FDA's publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly referred to as the "Orange Book."

### B.    Generic Drugs

25. Generic drugs are similar to, but not necessarily identical to, Reference Listed Drugs. A generic drug contains the same active pharmaceutical ingredient(s) (or contains the same therapeutic moiety, but may be a different salt, ester, or complex of that moiety) as the

9

corresponding Reference Listed Drug, but may contain other ingredients (such as colors and flavors) that are different. A generic drug is comparable to a Reference Listed Drug in dosage form, strength, route of administration, quality, performance characteristics and intended use. A generic drug must be bioequivalent to the corresponding Reference Listed Drug.

26. The Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355, (the "Hatch-Waxman Act") established a procedure that has often allowed generic drugs to enter the market earlier than had been possible in the past. The Hatch-Waxman Act allows a company to seek FDA approval to market a generic version of a Reference Listed Drug by filing an Abbreviated New Drug Application ("ANDA"). An ANDA is generally not required to include preclinical (animal) and clinical (human) data to establish safety and effectiveness.

27. Because the FDA has already determined that a Reference Listed Drug is safe and effective for use, an ANDA filer may rely on the safety and efficacy data previously provided for a specific Reference Listed Drug, so long as the ANDA filer sufficiently demonstrates to the FDA that its generic drug is bioequivalent to the Reference Listed Drug.

28. Generic versions of Reference Listed Drugs are usually sold at prices substantially below the prices charged for the Reference Listed Drugs. Plaintiff States and other persons save significant amounts of money by purchasing generic drugs.

## C.        Warner Chilcott's Ovcon Products

29. Ovcon has been available to the general public as a prescription pharmaceutical product since approximately 1976.

30. Prior to January 26, 2000, Bristol-Myers Squibb Company ("BMS") manufactured, distributed, and marketed Ovcon in the United States.

10

31. On January 26, 2000, Warner Chilcott purchased from BMS certain rights, title, and interest in Ovcon products.

32. On January 26, 2000, Warner Chilcott entered into a supply agreement with Bristol Myers-Squibb Laboratories Company ("BMSLC"), a wholly owned subsidiary of BMS. The supply agreement states the terms and conditions associated with the supply of Ovcon product by BMSLC to Warner Chilcott.

33. Warner Chilcott then began marketing Ovcon manufactured by BMSLC, and continues to be the exclusive marketer of Ovcon at the present time.

34. Warner Chilcott's sales of Ovcon have continued to increase, and Warner Chilcott has continued to increase the price charged for Ovcon.

**D.        Competition by Barr Laboratories' Generic Ovcon**

35. In September 2001, Barr filed ANDAs with the FDA for approval to market generic versions of Ovcon.

36. In January 2003, Barr publicly communicated its intent to launch a generic version of Ovcon by the end of 2003.

37. Barr intended to offer its generic version of Ovcon for sale at a price approximately 30% less than the price charged by Warner Chilcott.

**E.        Warner Chilcott and Barr's Illegal Agreement not to Compete**

38. At all times since executing its agreement to purchase rights to Ovcon from BMS, Warner Chilcott has remained the only marketer of Ovcon; no generic version of Ovcon has ever been released to the public.

39. Warner Chilcott was aware that its revenues could be substantially decreased if a generic version of Ovcon became available to consumers.

40. Warner Chilcott's first attempt to eliminate the threat posed by the entry of a generic version of Ovcon was the development of a line extension to Ovcon.

41. Warner Chilcott's strategy was to introduce its line extension (a chewable version of Ovcon) prior to the entry of a generic version of non-chewable Ovcon.

42. Warner Chilcott planned to engage in various practices that would ultimately result in the replacement of prescriptions for (and supply of) non-chewable Ovcon with chewable Ovcon.

43. In 2003, Warner Chilcott became aware that its position as the exclusive marketer of Ovcon was facing an imminent threat from the generic version of Ovcon being developed by Barr.

44. By mid-2003, Warner Chilcott learned that it would likely be unable to begin marketing a chewable version of Ovcon prior to Barr's launch of a generic version of Ovcon.

45. Warner Chilcott's inability to begin marketing its line extension prior to the availability of Barr's generic version of Ovcon would substantially reduce Warner Chilcott's revenues.

46. In August 2003, Warner Chilcott responded to Barr's impending launch of a generic version of Ovcon by engaging in discussions with Barr regarding an anticompetitive agreement not to compete.

47. On September 10, 2003, Warner Chilcott and Barr signed a letter of intent to enter into an agreement that gave Warner Chilcott the exclusive option to market all products produced pursuant to Barr's ANDAs for generic versions of Ovcon.

48. On March 24, 2004, the Defendants signed the Agreement, as contemplated by their letter of intent.

49. Through the Agreement, Barr agreed to stay off the market and give Warner Chilcott the exclusive right to market, distribute, and sell Barr's generic version of Ovcon.

50. Warner Chilcott paid Barr $1,000,000 in exchange for the option contained in the Agreement.

51. On April 22, 2004, the FDA granted final approval of Barr's ANDAs for the generic versions of Ovcon.

52. On April 23, 2004, Barr publicly communicated its intent to begin marketing its generic version of Ovcon in the event that Warner Chilcott chose not to exercise its option under the Agreement.

53. On May 6, 2004, Warner Chilcott exercised its option under the Agreement. Pursuant to the terms of the Agreement, Warner Chilcott paid Barr $19,000,000 in exchange for Barr's promise not to compete with Warner Chilcott by introducing a generic version of Ovcon and for giving Warner Chilcott the exclusive right to market, distribute, and sell Barr's generic version of Ovcon.

54. Warner Chilcott and Barr also entered into a Finished Product Supply Agreement ("Supply Agreement") on March 24, 2004. The Supply Agreement became effective when Warner Chilcott exercised its option under the Agreement.

55. The Supply Agreement allowed Warner Chilcott to purchase generic Ovcon from Barr at a premium price of 200% of Barr's actual fully loaded manufacturing cost.

56. As a consequence of the anticompetitive Agreement, no generic version of Ovcon was ever launched, and Barr has agreed not to launch a generic version of Ovcon until at least May 2009.

57. In the absence of the anticompetitive Agreement, Barr would have begun marketing its product shortly after obtaining FDA approval.

58. In the absence of the competitive threat that Barr would have provided in a free marketplace, Ovcon consumers were required to continue purchasing the brand-name Ovcon product when a less expensive generic version would have otherwise been available.

59. If Barr had introduced its generic product into the market, the average price paid for Ovcon products would have decreased rapidly and substantially.

60. No company, other than Barr, has received FDA approval for a generic version of Ovcon.

61. The Agreement between Warner Chilcott and Barr destroyed the competition that is intrinsic to our market-based economy.

## TRADE AND COMMERCE

62. During the relevant period, Ovcon was sold throughout the United States. Ovcon was transported across state lines and sold in each of the Plaintiff States. The Defendants' unlawful activities alleged in this Complaint have occurred in and have had a substantial effect upon interstate commerce.

## ANTICOMPETITIVE EFFECTS OF DEFENDANTS' ILLEGAL CONDUCT

63. Warner Chilcott and Barr's Agreement not to compete was a naked restraint of trade with the purpose of stifling competition, and is anticompetitive.

64. The Agreement is anticompetitive pursuant to every relevant legal analysis.

65. Warner Chilcott and Barr's conduct had the purpose and effect of unreasonably and illegally restraining trade and preventing competition.

66. Warner Chilcott and Barr's Agreement to eliminate competition is not reasonably necessary to accomplish any procompetitive objective. The Agreement was not subsidiary to any procompetitive objective. Eliminating competition from Barr was the primary purpose of Warner Chilcott's unlawful Agreement with Barr.

67. The Defendants could have accomplished any of the purported competitive benefits of the Agreement by other less-restrictive means that would not have destroyed competition.

68. As a direct and proximate result of the illegal conduct alleged in this complaint, the Plaintiff States and other persons have not been and are not able to purchase generic versions of Ovcon, which would have been available at prices lower than those paid for Ovcon.

69. Warner Chilcott and Barr deprived Plaintiff States of the benefits of competition that the federal and state antitrust laws, consumer protection laws and/or unfair competition statutes and related state laws are designed to promote, preserve, and protect.

70. As a direct and proximate result of the unlawful conduct alleged above, Warner Chilcott has unjustly profited from the Agreement with Barr.

71. As a direct and proximate result of the unlawful conduct alleged above, Barr has unjustly profited from the Agreement with Warner Chilcott.

## CONSPIRACY IN VIOLATION OF SECTION 1 OF THE SHERMAN ACT

72. The Agreement between Warner Chilcott and Barr constitutes a restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 .

## SUPPLEMENTAL STATE LAW CLAIMS

73. Plaintiff State of Alaska repeats and realleges each and every allegation contained in paragraphs 1 through 72.

74. Defendants' acts violate, and Plaintiff State of Alaska is entitled to relief under, AS 45.50.471 and AS 45.50.562 - .596.

75. Plaintiff State of Arizona repeats and realleges each and every allegation contained in paragraphs 1 through 72.

76. Defendants' acts violate, and Plaintiff State of Arizona is entitled to relief under, Arizona Uniform State Antitrust Act, Arizona Revised Statutes section 44-1401 et seq.

77. Plaintiff State of Arkansas repeats and realleges each and every allegation contained in paragraphs 1 through 72.

78. Defendants' acts violate, and Plaintiff State of Arkansas is entitled to relief under, the Arkansas Deceptive Trade Practices Act, A.C.A. § 4-88-101, et seq. and the Arkansas Unfair Practices Act, A.C.A. § 4-75-301 et seq.

79. Plaintiff State of California repeats and realleges each and every allegation contained in paragraphs 1 through 72.

80. Defendants' acts violate, and Plaintiff State of California is entitled to relief under, the Cartwright Act, Business & Professions Code § 16700, et seq., and the California Unfair Competition Act, Bus. & Prof. Code § 17200, et seq.

81. Plaintiff State of Colorado repeats and realleges each and every allegation contained in paragraphs 1 through 72.

82. Defendants' acts violate, and Plaintiff State of Colorado is entitled to relief under, the Colorado Antitrust Act of 1992, § 6-4-101, et seq., Colo. Rev. Stat.

83. Plaintiff State of Delaware repeats and realleges each and every allegation contained in paragraphs 1 through 72.

16

84. Defendants' acts violate, and Plaintiff State of Delaware is entitled to relief under, the Delaware Antitrust Act, 6 Del.C. § 2101, et seq.

85. Plaintiff District of Columbia repeats and realleges each and every allegation contained in paragraphs 1 through 72.

86. Defendants' acts violate, and Plaintiff District of Columbia is entitled to relief under, D.C. Official Code § 28-4502, et seq. (2001).

87. Plaintiff State of Florida repeats and realleges each and every allegation contained in paragraphs 1 through 72.

88. Defendants' acts violate, and Plaintiff State of Florida is entitled to relief under, the Florida Antitrust Act of 1980, § 542.15 Florida Statutes, et seq., and the Florida Deceptive and Unfair Trade Practices Act, § 501.201 Florida Statutes, et seq.

89. Plaintiff State of Idaho repeats and realleges each and every allegation contained in paragraphs 1 through 72.

90. Defendants' acts violate, and Plaintiff State of Idaho is entitled to relief under, the Idaho Competition Act, Idaho Code § 48-101 et seq.

91. Plaintiff State of Illinois repeats and realleges each and every allegation contained in paragraphs 1 through 72.

92. Defendants' acts violate, and Plaintiff State of Illinois is entitled to relief under, the Illinois Antitrust Act, 740 ILCS 10/1, et seq.

93. Plaintiff State of Iowa repeats and realleges each and every allegation contained in paragraphs 1 through 72.


94. Defendants' acts violate, and Plaintiff State of Iowa is entitled to relief under, the laws of the State of Iowa, alleging violations of the Iowa Competition Act, Iowa Code sections 553 et seq., and the Iowa Consumer Fraud Act, Iowa Code section 714.16.

95. Plaintiff State of Kansas repeats and realleges each and every allegation contained in paragraphs 1 through 72.

96. Defendants' acts violate, and Plaintiff State of Kansas is entitled to relief under, Kan. Stat. Ann. §50-101, et seq.

97. Plaintiff Commonwealth of Kentucky repeats and realleges each and every allegation contained in paragraphs 1 to72.

98. Defendant's acts violate, and Plaintiff Commonwealth of Kentucky is entitled to relief under, the Kentucky Antitrust Law, KRS 367.175.

99. Plaintiff State of Louisiana repeats and realleges each and every allegation contained in paragraphs 1 through 72.

100.   Defendants' acts violate, and Plaintiff State of Louisiana is entitled to relief under, the Louisiana Antitrust Act, La. R.S. 51: 122, et seq., and La. R.S. 51:1401, et seq.

101.   Plaintiff State of Maine repeats and realleges each and every allegation contained in paragraphs 1 through 72.

102.   Defendants' acts violate, and Plaintiff State of Maine is entitled to relief under, Maine's Monopolies and Profiteering law, Title 10, Maine Revised Statutes, §§ 1101 and 1104.

103.   Plaintiff State of Maryland repeats and realleges each and every allegation contained in paragraphs 1 through 72.

104.   Defendants' acts violate, and Plaintiff State of Maryland is entitled to relief under, the Maryland Antitrust Act, Md. Com. Law Code Ann. § 11-201, et seq.

105.  Plaintiff Commonwealth of Massachusetts repeats and realleges each and every allegation contained in paragraphs 1 through 72.

106.  Defendants' acts violate, and Plaintiff Commonwealth of Massachusetts is entitled to relief under, the Consumer Protection and Antitrust Acts, G.L. c.93A § 2, et seq., and G.L. c.93 § 4, et seq., respectively.

107.  Plaintiff State of Michigan repeats and realleges each and every allegation contained in paragraphs 1 through 72.

108.  Defendants' acts violate, and Plaintiff State of Michigan is entitled to relief under, the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann. § 445.771, et seq., the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, et seq., and the common law of Michigan.

109.  Plaintiff State of Minnesota repeats and realleges each and every allegation contained in paragraphs 1 through 72.

110.  Defendants' acts violate, and Plaintiff State of Minnesota is entitled to relief under, the Minnesota Antitrust Law of 1971, Minn. Stat. §§ 325D.49-.66 (2004), and Minn. Stat. § 8.31 (2004).

111.  Plaintiff State of Mississippi repeats and realleges each and every allegation contained in paragraphs 1 through 72.

112.  Defendants' acts violate, and Plaintiff State of Mississippi is entitled to relief under, its Consumer Protection Act found at Miss. Code Ann. § 75-24-1, et seq. (1972, as amended) and its Antitrust Act found at Miss. Code Ann. § 75-21-1, et seq. (1972, as amended).

113.  Plaintiff State of Missouri repeats and realleges each and every allegation contained in paragraphs 1 through 72.

114.   Defendants' acts violate, and Plaintiff State of Missouri is entitled to relief under, the Missouri Merchandising Practices Act, Revised Statutes of Missouri § 407.010 et seq., and the Missouri Antitrust Act, Revised Statutes of Missouri § 416.011 et seq.

115.   Plaintiff State of Nevada repeats and realleges each and every allegation contained in paragraphs 1 through 72.

116.   Defendants' acts violate, and Plaintiff State of Nevada is entitled to relief under the Nevada Unfair Trade Practice Act, Nev. Rev. Stat. § 598A.010 et seq.

117.   Plaintiff State of New York repeats and realleges each and every allegation contained in paragraphs 1 through 72.

118.   Defendants' acts violate, and Plaintiff State of New York is entitled to relief under, N.Y. Gen. Bus. Law §§ 340, 342, and 342-a.

119.   Plaintiff State of North Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 72.

120.   Defendants' acts violate, and Plaintiff State of North Carolina is entitled to relief under, N.C. Gen. Stat. §§ 75-1, 75-1.1, 75-2, 75-2.1.

121.   Plaintiff State of North Dakota repeats and realleges each and every allegation contained in paragraphs 1 through 72.

122.   Defendants' acts violate, and Plaintiff State of North Dakota is entitled to relief under, the Uniform State Antitrust Act, N.D. Cent. Code § 51-08.1-01, et seq.

123.   Plaintiff State of Ohio repeats and realleges each and every allegation contained in paragraphs 1 through 72.

124.   Defendants' acts violate, and Plaintiff State of Ohio is entitled to relief under, Ohio's Antitrust Law, Ohio Revised Code, § 109.81 and 1331.01, et seq.

125.  Plaintiff State of Oklahoma repeats and realleges each and every allegation contained in paragraphs 1 through 72.

126.  Defendants' acts violate, and Plaintiff State of Oklahoma is entitled to relief under, The Oklahoma Antitrust Reform Act, 79 O.S. 2001 §201, et seq., and the Oklahoma Consumer Protection Act 15 O.S.2001, § 751 et seq.

127.  Plaintiff State of Oregon repeats and realleges each and every allegation contained in paragraphs 1 through 72.

128.  Defendants' acts violate, and Plaintiff State of Oregon is entitled to relief under, the Oregon Antitrust Act, ORS 646.705, et seq.

129.  Plaintiff State of Rhode Island repeats and realleges each and every allegation contained in paragraphs 1 through 72.

130.  Defendants' acts violate, and Plaintiff State of Rhode Island is entitled to relief under, Rhode Island General Laws Chapter 6-36, entitled the "Rhode Island Antitrust Act."

131.  Plaintiff State of South Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 72.

132.  Defendants' acts violate, and Plaintiff State of South Carolina is entitled to relief under, the South Carolina Unfair Trade Practices Act, §§ 39-5-10, et seq.

133.  Plaintiff State of Tennessee repeats and realleges each and every allegation contained in paragraphs 1 through 72.

134.  Defendants' acts violate, and Plaintiff State of Tennessee is entitled to relief under, the Tennessee Antitrust Act, Tenn. Code Ann. §§ 47-25-101, et seq.

135.  Plaintiff State of Texas repeats and realleges each and every allegation contained in paragraphs 1 through 72.

136. Defendants' acts violate, and Plaintiff State of Texas is entitled to relief under, the Texas Free Enterprise and Antitrust Act of 1983, Tex. Bus. & Com. Code § 15.01, et seq.

137. Plaintiff State of Utah repeats and realleges each and every allegation contained in paragraphs 1 through 72.

138. Defendants' acts violate, and Plaintiff State of Utah is entitled to relief under, the Utah Antitrust Act, Sections 76-10-911 through 76-10-926, Utah Code Annotated, as amended.

139. Plaintiff State of Vermont repeats and realleges each and every allegation contained in paragraphs 1 through 72.

140. Defendants' acts violate, and Plaintiff State of Vermont is entitled to relief under, the Vermont Consumer Fraud Act, 9 V.S.A. Section 2451, et seq.

141. Plaintiff Commonwealth of Virginia repeats and realleges each and every allegation contained in paragraphs 1 through 72.

142. Defendants' acts violate, and Plaintiff Commonwealth of Virginia is entitled to relief under, the Virginia Antitrust Act, Va. Code Ann. Section 59.1-9.5

## REQUEST FOR RELIEF

Accordingly, the Plaintiff States request that this Court:

1. Adjudge and decree that Defendants engaged in conduct in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

2. Adjudge and decree that Defendants engaged in conduct in violation of each of the state statutes and common law enumerated in this Complaint;

3. Enjoin and restrain, pursuant to federal and state law, Defendants, their affiliates, assignees, subsidiaries, successors and transferees, and their officers, directors, partners, agents and employees, and all other persons acting or claiming to act on their behalf or in concert with

them, from continuing to engage in any anticompetitive conduct (including the anticompetitive

terms of the Agreement) and from adopting in the future any practice, plan, program or device

having a similar purpose or effect to the anticompetitive actions set forth above.;

    4. Award to Plaintiff States any other equitable relief as the Court finds appropriate to

redress Defendants' violations of state law;

    5. Award to each Plaintiff State the maximum civil penalties allowed by law;

    6. Award to each Plaintiff State its costs, including reasonable attorneys' fees; and

    7. Order any other relief that this Court deems proper.

DATED: December 2, 2005

<u>Respectfully submitted,</u>

PLAINTIFF STATES

STATE OF COLORADO
JOHN W. SUTHERS
Attorney General

/s/ Devin M. Laiho
DEVIN M. LAIHO
Assistant Attorney General

Consumer Protection Section
Attorneys for the State of Colorado
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: 303-866-5079
Devin.Laiho@state.co.us

COMMONWEALTH OF VIRGINIA
JUDITH WILLIAMS JAGDMANN
Attorney General
Sarah Oxenham Allen
Jennifer L. Gobble
Assistant Attorneys General
Antitrust & Consumer Litigation Section
Attorneys for the Commonwealth of Virginia
900 East Main Street

Richmond, Virginia 23219
Telephone: 804-786-6557

STATE OF MARYLAND
J. JOSEPH CURRAN, JR.
Attorney General
MEREDYTH SMITH ANDRUS
Assistant Attorney General
Ellen S. Cooper
Chief, Antitrust Division
Attorneys for the State of Maryland
200 St. Paul Street
Baltimore, Maryland 21202
Telephone: 410-576-6470

STATE OF ALASKA
DAVID W. MARQUEZ
Attorney General
Clyde E. Sniffen, Jr
Assistant Attorney General
Fair Business and Commercial Section
Attorneys for the State of Alaska
Alaska Attorney General's Office
1031 W. 4th. Avenue # 200
Anchorage, Alaska  99501
Telephone: 907-269-5200

STATE OF ARIZONA
TERRY GODDARD
Attorney General
Nancy M. Bonnell
Antitrust Unit Chief
Public Advocacy Division
Attorneys for the State of Arizona
Office of the Attorney General
1275 West Washington
Phoenix, Arizona 85007-2926
Telephone: 602-542-7752

STATE OF ARKANSAS
MIKE BEEBE
Attorney General of Arkansas
Teresa Marks
Deputy Attorney General for Public Protection
Bradford J. Phelps
Assistant Attorney General

24

Attorneys for the State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: 501-682-3625

STATE OF CALIFORNIA
BILL LOCKYER
Attorney General
Richard M. Frank
Chief Deputy Attorney General
J. Thomas Greene
Chief Assistant Attorney General
Kathleen E. Foote
Senior Assistant Attorney General
Ann Marie Marciarille
Deputy Attorney General
Attorneys for the State of California
Office of the Attorney General
P.O. Box 70550
1515 Clay Street
Oakland, California 94612
Telephone: 510-622-2221

STATE OF DELAWARE
M. JANE BRADY
Attorney General
Michael A. Undorf
Deputy Attorney General
Attorneys for the State of Delaware
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, Delaware 19801
Telephone: 302-577-8924

DISTRICT OF COLUMBIA
ROBERT J. SPAGNOLETTI
Attorney General
David M. Rubenstein
Deputy Attorney General
Public Safety Division
Bennett Rushkoff (#386925)
Chief, Consumer and Trade Protection Section
Don A. Resnikoff
Assistant Attorney General
Anika Sanders Cooper (#458863)
Assistant Attorney General

Attorneys for the District of Columbia
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, Suite 450N
Washington, District of Columbia 20001
Telephone: 202-727-6241

STATE OF FLORIDA
CHARLES J. CRIST, JR.
Attorney General
Patricia A. Conners
Director, Antitrust Division
Elizabeth G. Arthur
Assistant Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Phone: 850-414-3300

STATE OF IDAHO
LAWRENCE G. WASDEN
Attorney General
Brett T. DeLange
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Attorneys for the State of Idaho
Len B. Jordan Building
650 W. State St., Lower Level
P. O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2424

STATE OF ILLINOIS
LISA MADIGAN
Attorney General
Robert W. Pratt
Chief, Antitrust Bureau
Attorneys for the State of Illinois
Office of the Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: 312-814-3722

STATE OF IOWA
THOMAS J. MILLER
Attorney General
John. F. Dwyer

Attorney
Layne M. Lindebak
Assistant Attorney General
Attorneys for the State of Iowa
2nd Floor, Hoover Office Building
East 13th & Walnut Street
Des Moines, Iowa 50319
Telephone: 515-281-7054

STATE OF KANSAS
PHILL KLINE
Attorney General
Karl R. Hansen
Assistant Attorney General
Attorneys for the State of Kansas
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612
Telephone: 785-296-2215

COMMONWEALTH OF KENTUCKY
GREGORY D. STUMBO
David R. Vandeventer
Assistant Attorney General
Consumer Protection Division
Attorneys for the Commonwealth of Kentucky
1024 Capital Center Dr.
Frankfort, Kentucky 40601
Telephone: 502-696-5389

STATE OF LOUISIANA
CHARLES C. FOTI, JR.
Attorney General
Jane Bishop Johnson
Assistant Attorney General
Attorneys for the State of Louisiana
1885 N. 3rd Street, 4th Floor
Baton Rouge, Louisiana 70802
Telephone: 225-326-6467

STATE OF MAINE
G. STEVEN ROWE
Attorney General
Christina Moylan
Assistant Attorney General
Attorneys for the State of Maine
6 State House Station

Augusta, Maine 04333-0006
Telephone: 207-626-8800

COMMONWEALTH OF MASSACHUSETTS
THOMAS F. REILLY
Attorney General
Judith M. Whiting
Assistant Attorney General
Consumer Protection and Antitrust Division
Attorneys for the Commonwealth of Massachusetts
Office of the Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, Massachusetts 02108
Telephone: 617-727-2200, ext. 2959

STATE OF MICHIGAN
MICHAEL A. COX
Attorney General
Michelle M. Rick
Assistant Attorney General
Special Litigation Division
Antitrust Section
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan  48913
Telephone: 517-373-1123

STATE OF MINNESOTA
MIKE HATCH
Attorney General
Ann Beimdiek Kinsella
Manager, Health/Antitrust Division
Jennifer L. DeKarske
Assistant Attorney General
Attorneys for the State of Minnesota
445 Minnesota Street, Suite 1200
St. Paul, Minnesota  55101
Telephone:  651-215-1564

STATE OF MISSISSIPPI
JIM HOOD
Attorney General
Sondra Simpson McLemore
Special Assistant Attorney General

28

Attorneys for the State of Mississippi
Post Office Box 22947
Jackson, Mississippi 39225
Telephone: 601-359-3748

STATE OF MISSOURI
JEREMIAH (JAY) W. NIXON
Attorney General
Anne E. Schneider
Assistant Attorney General
Antitrust Counsel
Attorneys for the State of Missouri
P.O. Box 899
Jefferson City, Missouri 65102
Telephone: 573-751-8455

STATE OF NEVADA
GEORGE J. CHANOS
Attorney General
Eric Witkoski
Chief Deputy Attorney General
Consumer Advocate
Brian Armstrong
Senior Deputy Attorney General
Attorneys for the State of Nevada
Office of the Attorney General Nevada Department of Justice
Bureau of Consumer Protection
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Telephone: 702-486-3420

STATE OF NEW YORK
ELIOT SPITZER
Attorney General
Jay L. Himes
Bureau Chief, Antitrust Bureau
Elinor R. Hoffmann
Assistant Attorney General, Antitrust Bureau
Attorneys for the State of New York
New York State Department of Law
120 Broadway, Suite 26C
New York, New York 10271-0332
Telephone: 212-416-8269

STATE OF NORTH CAROLINA
ROY COOPER

Attorney General
K. D. Sturgis
Assistant Attorney General
Attorneys for the State of North Carolina
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: 919-716-6000

STATE OF NORTH DAKOTA
WAYNE STENEHJEM
Attorney General
Todd A. Sattler, ID No. 05718
Assistant Attorney General
Consumer Protection and Antitrust Division
Attorneys for the State of North Dakota
Office of Attorney General
P.O. Box 1054
Bismarck, North Dakota 58502-1054
Telephone: 701-328-5570

STATE OF OHIO
JIM PETRO
Attorney General
Mitchell L. Gentile
Principal Attorney
Attorneys for the State of Ohio
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Telephone: 614-466-4328

STATE OF OKLAHOMA
W.A. DREW EDMONDSON
Attorney General
Thomas A. Bates
Julie Bays
Assistant Attorneys General
Attorneys for the State of Oklahoma
4545 N. Lincoln Blvd., Suite 260
Oklahoma City, Oklahoma 73105
Telephone: 405-522-1013

STATE OF OREGON
HARDY MYERS
Attorney General

Chin See Ming
Assistant Attorney General
Attorneys for the State of Oregon
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
Telephone: 503-947-4333

STATE OF RHODE ISLAND
PATRICK C. LYNCH
Attorney General
Edmund F. Murray, Jr.
Special Assistant Attorney General
Chief, Antitrust Unit
Attorneys for the State of Rhode Island
Rhode Island Department of Attorney General
150 South Main Street
Providence, Rhode Island 02903
Telephone: 401-274-4400 Ext.2401

STATE OF SOUTH CAROLINA
HENRY D. McMASTER
Attorney General
C. Havird Jones, Jr.
Senior Assistant Attorney General
Attorneys for the State of South Carolina
P. O. Box 11549
Columbia, South Carolina 29211
Telephone: 803-734-3680

STATE OF TENNESSEE
PAUL G. SUMMERS
Attorney General
S. Elizabeth Martin
Senior Counsel
Antitrust Division
Attorneys for the State of Tennessee
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202-0207
Telephone: 615-532-5732

STATE OF TEXAS
GREG ABBOTT
Attorney General
Mark A. Levy

Assistant Attorney General
Attorneys for the State of Texas
P.O. Box 12548
Austin, Texas 78711
Telephone: 512-936-1847

STATE OF UTAH
MARK L. SHURTLEFF
Attorney General
Ronald J. Ockey
Assistant Attorney General
Attorneys for the State of Utah
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84111
Telephone: 801-366-0359

STATE OF VERMONT
WILLIAM H. SORRELL
Attorney General
Julie Brill
Assistant Attorney General
Attorneys for the State of Vermont
109 State Street
Montpelier, Vermont 05609-1001
Telephone: 802-828-3658