**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ) | |
| ) | MDL DOCKET NO. _____ |
| **OVCON ORAL CONTRACEPTIVE** ) | |
| **ANTITRUST LITIGATION** ) | |

**DEFENDANTS' JOINT MOTION TO CONSOLIDATE AND TRANSFER
FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407, Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc. (collectively "Defendants" or "Warner Chilcott and Barr") respectfully move the Judicial Panel on Multidistrict Litigation for an order transferring ten substantially identical actions, identified in Schedule A, to the United States District Court for the District of New Jersey for coordinated or consolidated pretrial proceedings.

In support of this motion, Defendants state:

1.      There are ten separate actions pending against Defendants in three federal district courts: the Eastern District of Pennsylvania, the Eastern District of Tennessee, and the District of Columbia.

2.      Plaintiffs in eight of the ten actions purport to represent nationwide classes of direct or indirect purchasers or third party payors of Ovcon.

3.      Each action is founded upon substantially identical factual allegations, namely whether agreements executed between Warner Chilcott and Barr relating to the oral contraceptive Ovcon are anticompetitive or illegal.

4.      The facts giving rise to Plaintiffs' allegations in the pending actions all center on dealings between the Defendants.

5.      The commercial operations of Warner Chilcott and Barr Pharmaceuticals are headquartered in New Jersey.

6.      The vast majority of documents, evidence, and most of the key witnesses are located in or near the District of New Jersey.

7.      The District of New Jersey is reasonably proximate to the locations of the pending actions.

8.      The consolidation and transfer of the ten actions would serve the convenience of the parties and witnesses because the parties would not have to engage in duplicative discovery.

9.      The allegations of all ten pending actions raise substantially identical claims against a common group of Defendants, and all ten cases will involve similar complex and disputed issues of law and fact.

10.     Common issues that will need to be determined in the pending actions include, but are not limited to, whether the eight putative classes of purchasers of Ovcon are appropriate for class certification, the proper scope and scheduling of discovery, and the validity of the legal theories alleged.

11.     Neither motion practice nor discovery has commenced in any of the ten actions.

12.     None of the three district courts in which these actions were filed has invested substantial judicial resources in these matters that would be wasted should this Panel transfer the ten actions to the District of New Jersey.

13.     Transfer of these actions to the District of New Jersey would conserve valuable judicial resources and would prevent potentially conflicting judicial decisions.

WHEREFORE, for the reasons stated herein and the accompanying Brief in Support of Defendants' Joint Motion to Consolidate and Transfer for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, Defendants respectfully request that the Judicial Panel on Multidistrict Litigation issue an order transferring all existing actions and all other subsequently filed related actions to the United States District Court for the District of New Jersey.

Date:  December 9, 2005

_Charles E. Koob_
Charles E. Koob (S.D.N.Y. Bar # CK1601)
Annette C. Rizzi (S.D.N.Y. Bar # AR7065)

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2700
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals) Ltd.*

Respectfully submitted,

_Karen N. Walker_
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Chong S. Park (D.C. Bar # 463050)

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

3

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **MDL DOCKET NO. _____** |
| **OVCON ORAL CONTRACEPTIVE** | ) | |
| **ANTITRUST LITIGATION** | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO CONSOLIDATE AND
TRANSFER FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings

Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott

Company, Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc. (collectively

"Defendants" or "Warner Chilcott and Barr") respectfully submit this brief to the Judicial Panel

on Multidistrict Litigation ("Panel") in support of their motion to consolidate and transfer the ten

attached actions pursuant to 28 U.S.C. § 1407. This statute provides that actions pending in

different districts involving common allegations may be consolidated for pretrial proceedings in

a single district court. Here, the Federal Trade Commission, various states, and several

purported plaintiff classes have filed ten separate antitrust complaints in three different judicial

districts – the Eastern District of Pennsylvania, the Eastern District of Tennessee and the District

of Columbia – all against the same set of Defendants, and all targeting the same conduct. A list of these pending actions is attached hereto as Schedule A, with copies of the ten complaints attached as Exhibits 1 – 10.

Consolidation is appropriate because all of the separate actions are predicated on the same set of alleged operative facts. All ten cases rise and fall on this same core factual question: whether the Defendants' agreements relating to Ovcon were anticompetitive or illegal. Should these same alleged operative facts be decided in three separate district courts in ten distinct cases, rulings could be inconsistent and efforts would be needlessly duplicated. Avoiding the difficulties these circumstances would create for both Defendants and courts is at the heart of this Panel's established mission: the prevention of duplicative discovery, protection against the possibility of inconsistent rulings, and the conservation of judicial resources.

The District of New Jersey represents the most appropriate transferee forum. The commercial operations of Warner Chilcott and Barr Pharmaceuticals are all headquartered in New Jersey. The facts giving rise to the allegations all center on dealings between the Defendants. Accordingly, the vast majority of relevant documents and evidence, and most of the key witnesses, are located in or near the District of New Jersey. Furthermore, the District of New Jersey is reasonably proximate to the locations of the other pending actions and is easily accessible to all parties.

## BACKGROUND OF THE LITIGATION

To date, ten actions have been filed against Defendants in three different federal district courts. Each of the ten pending actions detailed below contains virtually identical allegations that Defendants entered into anticompetitive or illegal agreements relating to branded and generic Ovcon:

1.    *FTC v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02179-CKK (D.D.C.):  The Federal Trade Commission originally filed this action for injunctive and other equitable relief on or about November 7, 2005.  An amended complaint was filed on or about December 2, 2005.  The FTC alleges a violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. §45(a) (2005), and seeks a permanent injunction and other equitable relief to remedy a "horizontal agreement not to compete between Warner Chilcott and Barr . . . ." *FTC* First Am. Compl. ¶ 1 (attached as Exhibit 1).

2.    *State of Colorado et al. v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02182-CKK (D.D.C.):  This action for injunctive and equitable relief, civil penalties, and attorneys' fees was originally filed on or about November 7, 2005, alleging a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (2005) and various state claims.  An amended complaint was filed on or about December 2, 2005.  Plaintiffs, purportedly on behalf of 34 states and the District of Columbia, allege that Defendants entered into an "Illegal Agreement not to Compete." *State Plaintiffs* First Am. Compl. § E (attached as Exhibit 2).

3.    *Meijer, Inc. et al. v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02195 (D.D.C.):  This action for treble damages, pre- and post-judgment interest, attorneys' fees and "other and further relief as the Court deems just and proper" was filed on or about November 9, 2005.  Plaintiffs, purportedly on behalf of a nationwide class of direct purchasers, allege a violation of Section 1 of the Sherman Act, claiming that the case involves a "horizontal agreement between Warner Chilcott and Barr not to compete . . . ." *Meijer* Compl. ¶ 1 (attached as Exhibit 3).

4.    *La. Wholesale Drug Co., Inc. v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02210-CKK (D.D.C.):  This action for treble damages and attorneys' fees was filed on

or about November 14, 2005. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, alleges a violation of Section 1 of the Sherman Act. Plaintiff alleges that Warner Chilcott and Barr entered into a "horizontal agreement not to compete." *La. Wholesale Drug* Compl. ¶ 2 (attached as Exhibit 4).

5.    *Rochester Drug Coop., Inc. v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02257-CKK (D.D.C.): This action for treble damages and attorneys' fees was filed on or about November 21, 2005. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, alleges a violation of Section 1 of the Sherman Act, and contends that Defendants entered into a "Horizontal Agreement Not to Compete." *Rochester Drug* Compl. § D (attached as Exhibit 5).

6.    *SAJ Distribs., Inc., et al. v. Warner Chilcott Corp. et al.*, Civ. No. 2:05-CV-06095-RK (E.D. Pa.): This action for treble damages, attorneys' fees and "other, further, and different relief" was filed on or about November 22, 2005. Plaintiffs, purportedly on behalf of a nationwide class of direct purchasers, allege a violation of Section 1 of the Sherman Act, claiming that Defendants entered into an "illegal agreement not to compete." *SAJ* Compl. ¶ 24 (attached as Exhibit 6).

7.    *Jabo's Pharmacy, Inc. v. Warner Chilcott Corp. et al.*, Civ. No. 2:05-CV-00316 (E.D. Tenn.): This action for "appropriate relief," attorneys' fees and "other, further and general relief" was filed on or about November 30, 2005. Plaintiff, purportedly on behalf of indirect purchasers in 23 states and the District of Columbia, alleges a violation of the Tennessee Trade Practices Act, TENN. CODE ANN. § 47-25-101, *et seq.* and "the antitrust laws of the Class Jurisdictions." *Jabo's Pharmacy* Compl. ¶ 76 (attached as Exhibit 7). Plaintiff claims that this

case concerns a "horizontal agreement between Warner Chilcott and Barr ... not to compete ...." *Jabo's Pharmacy* Compl. ¶ 1.

8.  *Valley Wholesale Drug Co., Inc. v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02321-CKK (D.D.C.): This action for injunctive relief, treble damages, attorneys' fees, and "other, further and different relief" was filed on or about December 2, 2005. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, alleges a violation of Section 1 of the Sherman Act, and asserts that Defendants entered into a "horizontal agreement not to compete . . . ." *Valley Wholesale Drug* Compl. ¶ 3 (attached as Exhibit 8).

9.  *Vista Healthplan, Inc. v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02327-CKK (D.D.C.): This action for "damages, and, where applicable, treble, multiple, and other damages, including interest," awards of "the amounts by which Defendants have been unjustly enriched," injunctive relief, attorneys' fees and "other and further" relief was filed on or about December 5, 2005. Plaintiff, purportedly on behalf of a nationwide class of third party payors, alleges a violation of Section 1 of the Sherman Act and violations of the consumer protection acts of all 50 States and the District of Columbia, as well as various state antitrust statutes. Plaintiff claims that this case concerns a "horizontal agreement between Warner Chilcott and Barr . . . not to compete . . . ." *Vista Healthplan* Compl. ¶ 1 (attached as Exhibit 9).

10.  *Am. Sales Co., Inc. v. Warner Chilcott Corp. et al.*, Civ. No. 1:05-CV-02335-CCK (D.D.C.): This action for treble damages, attorneys' fees and "other appropriate relief" was filed on or about December 6, 2005. Plaintiff, purportedly on behalf of a nationwide class of direct purchasers, alleges a violation of Section 1 of the Sherman Act, and alleges a "horizontal agreement not to compete" between Defendants. *Am. Sales* Compl. ¶ 1 (attached as Exhibit 10).

Even cursory examination and comparison of the ten complaints reveal that these complaints all share, and are built upon, the same factual foundation. Specifically, each and every complaint alleges that:

- Warner Chilcott markets and sells Ovcon, an oral contraceptive. *See FTC* First Am. Compl. ¶ 28; *State Plaintiffs* First Am. Compl. ¶ 33; *Meijer* Compl. ¶ 2; *La. Wholesale Drug* Compl. ¶ 3; *Rochester Drug* Compl. ¶ 3; *SAJ* Compl. ¶ 26; *Jabo's Pharmacy* Compl. ¶ 2; *Valley Wholesale Drug* Compl. ¶ 30; *Vista Healthplan* Compl. ¶ 34; *Am. Sales* Compl. ¶ 11.

- Barr manufactures and sells pharmaceutical products. *See FTC* First Am. Compl. ¶ 18; *State Plaintiffs* First Am. Compl. ¶ 3; *Meijer* Compl. ¶ 3; *La. Wholesale Drug* Compl. ¶ 2; *SAJ* Compl. ¶ 13; *Rochester Drug* Compl. ¶ 2; *Jabo's Pharmacy* Compl. ¶ 3; *Valley Wholesale Drug* Compl. ¶ 13; *Vista Healthplan* Compl. ¶ 17; *Am. Sales* Compl. ¶ 13.

- Barr filed an Abbreviated New Drug Application ("ANDA") with the FDA for approval to market an "AB-rated" generic version of Ovcon in September 2001. *See FTC* First Am. Compl. ¶ 33; *State Plaintiffs* First Am. Compl. ¶ 35; *Meijer* Compl. ¶ 38; *La. Wholesale Drug* Compl. ¶ 35; *Rochester Drug* Compl. ¶ 35; *SAJ* Compl. ¶ 30; *Jabo's Pharmacy* Compl. ¶ 36; *Valley Wholesale Drug* Compl. ¶ 33; *Vista Healthplan* Compl. ¶ 37; *Am. Sales* Compl. ¶ 21.

- In January 2003, Barr publicly announced its intention to market generic Ovcon by the end of 2003. *See FTC* First Am. Compl. ¶ 34; *State Plaintiffs* First Am. Compl. ¶ 36; *Meijer* Compl. ¶ 39; *La. Wholesale Drug* Compl. ¶ 36; *Rochester Drug* Compl. ¶ 36; *SAJ* Compl. ¶ 31; *Jabo's Pharmacy* Compl. ¶ 37; *Valley Wholesale Drug* Compl. ¶ 34; *Vista Healthplan* Compl. ¶ 38; *Am. Sales* Compl. ¶ 21.

- In March 2004 Defendants signed a license and supply agreement. *See FTC* First Am. Compl. ¶ 46; *State Plaintiffs* First Am. Compl. ¶ 48; *Meijer* Compl. ¶ 51; *La. Wholesale Drug* Compl. ¶ 49; *Rochester Drug* Compl. ¶ 48; *SAJ* Compl. ¶ 39; *Jabo's Pharmacy* Compl. ¶ 49; *Valley Wholesale Drug* Compl. ¶ 45; *Vista Healthplan* Compl. ¶ 4; *Am. Sales* Compl. ¶ 28.

- The FDA approved Barr's ANDA to produce and market generic Ovcon on April 22, 2004. *See FTC* First Am. Compl. ¶ 49; *State Plaintiffs* First Am. Compl. ¶ 51; *Meijer* Compl. ¶ 53; *La. Wholesale Drug* Compl. ¶ 52; *Rochester Drug* Compl. ¶ 51; *SAJ* Compl. ¶ 40; *Jabo's Pharmacy* Compl. ¶ 51; *Valley Wholesale Drug* Compl. ¶ 47; *Vista Healthplan* Compl. ¶ 52; *Am. Sales* Compl. ¶ 30.

- Warner Chilcott exercised its option under the license and supply agreement on May 6, 2004. *See FTC* First Am. Compl. ¶ 52; *State Plaintiffs* First Am. Compl. ¶ 53; *Meijer* Compl. ¶ 55; *La. Wholesale Drug* Compl. ¶ 55; *Rochester Drug* Compl. ¶ 54;

*SAJ* Compl. ¶ 41; *Jabo's Pharmacy* Compl. ¶ 53, *Valley Wholesale Drug* Compl. ¶ 49; *Vista Healthplan* Compl. ¶ 54; *Am. Sales* Compl. ¶ 30.

- As a result of Warner Chilcott and Barr's agreement, purchasers of Ovcon are either paying more for the drug than they would absent the agreement, *see FTC* First Am. Compl. ¶ 66; *Meijer* Compl. ¶ 8; *La. Wholesale Drug* Compl. ¶ 70; *Rochester Drug* Compl. ¶ 6; *SAJ* Compl. ¶ 46; *Jabo's Pharmacy* Compl. ¶ 72; *Valley Wholesale Drug* Compl. ¶ 64; *Vista Healthplan* Compl. ¶ 63; *Am. Sales* Compl. ¶ 47, or are prevented from buying a generic version of Ovcon, *see State Plaintiffs* First Am. Compl. ¶ 9.

Eight complaints allege that Warner Chilcott and Barr's agreement violates Section 1 of the Sherman Act. *See State Plaintiffs* First Am. Compl. ¶ 72; *Meijer* Compl. ¶ 76; *La. Wholesale Drug* Compl. ¶ 66; *Rochester Drug* Compl. ¶ 67; *SAJ* Compl. ¶ 55; *Valley Wholesale Drug* Compl. ¶ 60; *Vista Healthplan* Compl. ¶ 75; *Am. Sales* Compl. ¶ 44. Each of the eight class actions are purportedly brought on behalf of all persons or entities in the United States who purchased Ovcon directly, *see Meijer* Compl. ¶ 62; *La. Wholesale Drug* Compl. ¶ 16; *Rochester Drug* Compl. ¶ 16; *SAJ* Compl. ¶ 47; *Valley Wholesale Drug* Compl. ¶ 14; *Am. Sales* Compl. ¶ 38, indirectly, *see Jabo's Pharmacy* Compl. ¶ 60, or as third party payors, *Vista Healthplan* Compl. ¶ 61, from Defendants since April 22, 2004.

## ARGUMENT

**I. THE ACTIONS SHOULD BE CONSOLIDATED AND TRANSFERRED FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407.**

The United States Code, 28 U.S.C. § 1407(a), provides, in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a) (2005).

7

A straightforward application of the criteria set forth in Section 1407 compels the conclusion that all ten of the actions detailed above should be consolidated for coordinated pretrial proceedings.

### A.    The Ten Complaints Present Common Questions Of Law And Fact.

Each complaint asserts in some form that Defendants' license and supply agreement was illegal; however, in each case, these allegations are based on exactly the same core of operative facts. *See supra.* In fact, the State Plaintiffs' own Amended Complaint states that "[a]ll claims under federal and state law are based upon a common nucleus of operative fact . . . ." *State Plaintiffs* Compl. ¶ 12. Although there are slight variations in the way each plaintiff phrases its allegations, all ten complaints rise and fall on the legality of the Defendants' agreements relating to Ovcon.

The obvious similarities of these actions are illustrated by a simple comparison of the common questions of law or fact asserted by the eight purported class actions:

- The existence of an agreement between the Defendants. *See Meijer* Compl. ¶ 64; *La. Wholesale Drug* Compl. ¶ 22; *Rochester Drug* Compl. ¶ 22; *Jabo's Pharmacy* Compl. ¶ 62; *Valley Wholesale Drug* Compl. ¶ 20; *Vista Healthcare* Compl. ¶ 63; *Am. Sales* Compl. ¶ 37.

- Whether Defendants' agreement was unlawful. *See Meijer* Compl. ¶ 64; *La. Wholesale Drug* Compl. ¶ 22; *Rochester Drug* Compl. ¶ 22; *Jabo's Pharmacy* Compl. ¶ 62; *Valley Wholesale Drug* Compl. ¶ 20; *Vista Healthcare* Compl. ¶ 63; *Am. Sales* Compl. ¶ 37.

- Whether Defendants' alleged conduct caused Plaintiffs and the other members of the classes to pay more for Ovcon than they would have paid absent Defendants' alleged conduct. *See Meijer* Compl. ¶ 64; *SAJ* Compl. ¶ 52; *Jabo's Pharmacy* Compl. ¶ 62; *Vista Healthcare* Compl. ¶ 63; *Am. Sales* Compl. ¶ 37.

- Whether Defendants' conduct caused injury to class members and, if so, the appropriate measure of damages. *See Meijer* Compl. ¶ 64; *La. Wholesale Drug* Compl. ¶ 22; *Rochester Drug* Compl. ¶ 22; *SAJ* Compl. ¶ 52; *Jabo's Pharmacy* Compl. ¶ 62; *Valley Wholesale Drug* Compl. ¶ 20; *Vista Healthcare* Compl. ¶ 63; *Am. Sales* Compl. ¶ 37.

**B.    The Questions of Law and Fact Are Sufficiently Complex To Require Consolidation Under Section 1407.**

This Panel has long held that the possibility of inconsistent pretrial rulings is a central factor in determining whether cases should be consolidated pursuant to Section 1407. In *In re First Nat'l Bank, Heavener, Okla. Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (per curiam), the Panel held that transfer was "necessary, even though only two actions [were] involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings." Similarly, in *In re Multi-Piece Rim Prod. Liab. Litig.,* 464 F. Supp. 969, 974 (J.P.M.L. 1979) (per curiam), the Panel ordered consolidation of actions alleging defective wheel rims in light of the common pretrial issues involved: "Centralization pursuant to Section 1407 is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning these common factual issues." *See also In re Sugar Indus. Antitrust Litig.,* 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (consolidating actions that "share common questions of fact on the economic and conspiratorial issues").

A review of the allegations and claims for relief in the actions summarized above shows that these similar actions will involve complex legal and factual pretrial issues. Questions of the nature and scope of appropriate discovery, as well as privilege, will have to be resolved for each case. Novel legal issues presented in the complaints, such as the validity of some of the legal theories alleged and the availability of the form of remedy sought, also may be litigated before trial. And, most significantly, a court will need to resolve questions relating to whether each of the eight private actions can properly be maintained as class actions. (*See* discussion *infra* Part I.C.) Because the ten pending actions are so similar, there exists a very real danger of conflicting or inconsistent pretrial rulings if these cases proceed separately.

C.    **Consolidation Will Avoid Conflicting And Duplicative Class Certification Rulings.**

Consolidation is appropriate where actions purport to be brought on behalf of similar classes.   This Panel has acknowledged that "[i]t is in the field of class action determinations in related multidistrict civil actions that the potential for conflicting, disorderly, chaotic judicial action is the greatest." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968).   In fact, this Panel has continually recognized that prevention of inconsistent rulings by separate district courts with respect to class issues is a primary purpose of Section 1407.

In *In re Hotel Tel. Charge Antitrust Litig.*, 374 F. Supp. 1402, 1403 (J.P.M.L. 1974) (per curiam),   the Panel transferred a purported class action for consolidated pretrial hearings, holding that the possibility of inconsistent class determinations was a "compelling reason for transfer." *See also In re 7-Eleven Franchise Antitrust Litig.*, 358 F. Supp. 286, 287 (J.P.M.L. 1973) (per curiam) (stating that "the possibility for conflicting class action determinations is an important factor favoring transfer of an action under Section 1407").   The Panel in *In re Res. Exploration, Inc., Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980) (per curiam), also justified the transfer of several purported class actions based in part on "the fact that most of the actions before us have been brought on behalf of similar or overlapping classes of purchasers . . . ." The Panel further stated that "[i]t is desirable to have a single judge oversee the class action issues in these actions to avoid duplicative efforts and inconsistent rulings in this area." *Id. See also In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) (per curiam) ("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues"); *In re Mut. Fund Sales Antitrust Litig.*, 361 F. Supp. 638, 639-40 (J.P.M.L. 1973) (per curiam) ("we have frequently held that the possibility for

10

conflicting class determinations under Rule 23 . . . is an important factor favoring transfer of all actions to a single district"). Consequently, consolidation is appropriate here, where several of the actions purport to be brought on behalf of similar classes – namely, purchasers and third party payors of Ovcon. Consolidation will ensure consistency in the adjudication of class issues arising in these actions.

### D.    Consolidation Will Avoid Duplicative Discovery And Would Be For The Convenience of The Witnesses And All Parties.

Consolidation also will prevent duplicative discovery and save the parties, witnesses and courts time and effort. As the Panel has recognized, such common discovery "could best be pursued if coordinated under the supervision of a single judge." *In re Public Air Travel Tariff Litig.*, 360 F. Supp. 1397, 1399 (J.P.M.L. 1973) (per curiam); *see also In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); *In re Bristol Bay, Alaska, Salmon Fishery Antirust Litig.*, 424 F. Supp. 504, 506 (J.P.M.L. 1976) (per curiam) (stating that although "voluntary coordination among the parties as a means of avoiding duplicative discovery is commendable, if the actions under consideration are otherwise appropriate for coordinated or consolidated pretrial proceedings, the Panel prefers to place the actions under the control of a single judge in order to ensure that the objectives of Section 1407 are met"). Given the similar factual and legal allegations in these actions, *see* pages 6-7 *supra*, both plaintiffs and Defendants undoubtedly will seek largely duplicative discovery. Consolidated and coordinated discovery would avoid such duplication of effort by the parties, reduce litigation costs and minimize inconvenience to witnesses.

11

Counsel for plaintiffs also benefit from coordinated pretrial proceedings by combining and streamlining their individual efforts. *See In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 741 (J.P.M.L. 1984) (per curiam) (stating that "prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned"); *see also In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F. Supp. at 507 (stating that streamlining efforts of the parties and their counsel is "one of the purposes of coordinated or consolidated pretrial proceedings"). This streamlining of efforts further supports consolidation of these actions.

## II.    THE ACTIONS SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY.

The ten cases should be consolidated in the District Court for the District of New Jersey. First, the District of New Jersey is "centrally located" relative to the fora where the actions are filed. As such, it is convenient for all parties. *See In re Air Crash Disaster Near Van Cleve, Miss.*, 486 F. Supp. 926, 928 (J.P.M.L. 1980) (per curiam).

Second, neither motion practice nor discovery has commenced in any of the three federal district courts in which the ten actions have been filed. Thus, none of the three district courts in which these actions have been filed has invested substantial judicial resources in these matters that would be wasted should this Panel transfer the ten actions to the District of New Jersey.

Third, the Panel has recognized that the location of Defendants' headquarters, relevant documents, and witnesses is an appropriate forum. In *In re Sunshine Mining Co. Sec. Litig.*, 444 F. Supp. 223, 226 (J.P.M.L. 1978) (per curiam), the Panel transferred three actions against the same seven defendants to the forum where the defendants' executive offices – and

12

"therefore most of the relevant documents and many of the key witnesses" – were located. *See also In re Diamond Match Plant Hazardous Waste Clean-up Litig.*, 799 F. Supp. 1204 (J.P.M.L. 1992) (selecting transferee forum in which the defendant's plant was located and where witnesses and documents were likely to be found); *In re Ascot Oils, Inc. Sec. Litig.*, 433 F. Supp. 1118, 1120 (J.P.M.L. 1977) (per curiam) ("Moreover, eight of the nine common defendants reside or are headquartered in Louisiana, and thus many of the relevant documents and witnesses presumably are located there."); *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F. Supp. at 507 (the Panel selected the forum where "the corporate headquarters and records of all defendants [were] located in or near . . . [as well as] the personnel of defendants likely to be called as witnesses"). Both the commercial operations of Warner Chilcott and Barr are headquartered in New Jersey. As set forth above, the central factual allegations in all of the ten complaints relate to dealings between the Defendants. Accordingly, the vast majority of relevant documents will be located in the District of New Jersey, as will the key witnesses, and consolidation in New Jersey is appropriate.

Finally, it is not dispositive that, at present, none of the actions are pending in the District of New Jersey. Section 1407 states that "actions may be transferred to *any* district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a) (2005) (emphasis added). Furthermore, this Panel has emphasized that "under appropriate circumstances, we [will] order transfer of a group of actions to a district in which none of the constituent actions is pending." *In re Sundstrand Data Control, Inc. Patent Litig.* 443 F. Supp. 1019, 1021 (J.P.M.L. 1978) (per curiam) (finding that the district court near defendant's principal place of business and location of most of the relevant documents and witnesses was appropriate transferee forum, rather than districts where actions were filed). *See also In re 1980 Decennial Census Adjustment*

13

*Litig.,* 506 F. Supp. 648, 651 (J.P.M.L. 1981) (per curiam) (holding that the pending actions should be transferred to the forum where relevant records and documents were likely to be found, despite the fact that none of the actions were pending there). Where, as here, the location of Defendants' headquarters, relevant documents, and key witnesses have a nexus to the District of New Jersey, "appropriate circumstances" exist for the transfer of the pending actions to that judicial district. Accordingly, the ten actions in Schedule A should be consolidated and transferred for pretrial proceedings in the District of New Jersey.

14

## CONCLUSION

For the reasons set forth above, consolidation of these substantially similar actions will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of these actions. This Panel should enter an order transferring the ten actions listed in Schedule A to a single district for consolidated and coordinated pretrial proceedings. Defendants respectfully request that these actions be transferred to the District of New Jersey.

Date:   December 9, 2005                          Respectfully submitted,

_Charles E Koob_                                 _Ka n wal_

Charles E. Koob (S.D.N.Y. Bar # CK1601)          Karen N. Walker (D.C. Bar # 412137)
Annette C. Rizzi (S.D.N.Y. Bar # AR7065)         Mark L. Kovner (D.C. Bar # 430431)
                                                 Chong S. Park (D.C. Bar # 463050)

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue                             KIRKLAND & ELLIS LLP
New York, New York 10017-3954                    655 Fifteenth Street, N.W.
(212) 455-2700                                   Washington, D.C. 20005
(212) 455-2502 (fax)                             (202) 879-5000
                                                 (202) 879-5200 (fax)

_Counsel for Warner Chilcott Public Limited_
_Company, Warner Chilcott Holdings_              _Counsel for Barr Pharmaceuticals, Inc._
_Company III, Ltd., Warner Chilcott_
_Corporation, Warner Chilcott (US) Inc.,_
_Warner Chilcott Company, Inc., Galen_
_(Chemicals) Ltd._

15

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) |
| OVCON ORAL CONTRACEPTIVE | ) |
| ANTITRUST LITIGATION | ) |
| | ) |

MDL DOCKET NO. _____

**SCHEDULE A: SCHEDULE OF ACTIONS PURSUANT TO J.P.M.L. R. 7.2(a)(ii)**

1.  Title of Action:        *Federal Trade Commission*, Plaintiff,

        *vs.*

        *Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Barr Pharmaceuticals, Inc.,* Defendants.

    Civil Action No.:        1:05-CV-02179-CKK

    Court in Which Action
    Is Pending:              United States District Court for the District of Columbia

    Presiding Judge:         The Honorable Colleen Kollar-Kotelly

2.    Title of Action:        *State of Colorado, Commonwealth of Virginia, State of Maryland, State of Alaska, State of Arizona, State of Arkansas, State of California, State of Delaware, District of Columbia, State of Florida, State of Idaho, State of Illinois, State of Iowa, State of Kansas, Commonwealth of Kentucky, State of Louisiana, State of Maine, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Mississippi, State of Missouri, State of Nevada, State of New York, State of North Carolina, State of North Dakota, State of Ohio, State of Oklahoma, State of Oregon, State of Rhode Island, State of South Carolina, State of Tennessee, State of Texas, State of Utah, and State of Vermont*, Plaintiffs.

        *vs.*

        *Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Barr Pharmaceuticals, Inc.*, Defendants.

    Civil Action No.:        1:05-CV-02182-CKK

    Court in Which Action
    Is Pending:        United States District Court for the District of Columbia

    Presiding Judge:        The Honorable Colleen Kollar-Kotelly

3.    Title of Action:        *Meijer, Inc. and Meijer Distribution, Inc.*, on behalf of themselves and all others similarly situated, Plaintiffs,

        *vs.*

        *Warner Chilcott Holdings Company III, Ltd.; Warner Chilcott Corporation; Warner Chilcott (US) Inc.; Galen (Chemicals), Ltd.; and Barr Pharmaceuticals, Inc.*, Defendants.

    Civil Action No.:        1:05-CV-02195

    Court in Which Action
    Is Pending:        United States District Court for the District of Columbia

    Presiding Judge:        The Honorable Colleen Kollar-Kotelly

4.  Title of Action:

                 *vs.*

*Louisiana Wholesale Drug Co., Inc.*, on behalf of itself and all others similarly situated, Plaintiff,

*Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc.*, Defendants.

    Civil Action No.:        1:05-CV-02210-CKK

    Court in Which Action
    Is Pending:         United States District Court for the District of Columbia

    Presiding Judge:      The Honorable Colleen Kollar-Kotelly

5.  Title of Action:

                 *vs.*

*Rochester Drug Co-Operative, Inc.*, on behalf of itself and all others similarly situated, Plaintiff,

*Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc.*, Defendants.

    Civil Action No.:        1:05-CV-02257-CKK

    Court in Which Action
    Is Pending:         United States District Court for the District of Columbia

    Presiding Judge:      The Honorable Colleen Kollar-Kotelly

6.  Title of Action:

                 *vs.*

*SAJ Distributors, Inc. and Stephen L. LaFrance Holdings, Inc.*, Plaintiffs,

*Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemicals) Ltd., and Barr Pharmaceuticals, Inc.*, Defendants.

    Civil Action No.:        2:05-CV-06095-RK

    Court in Which Action
    Is Pending:         United States District Court for the Eastern District of Pennsylvania

    Presiding Judge:      The Honorable Robert F. Kelly

7.   Title of Action:                 *Jabo's Pharmacy, Inc.*, on behalf of itself and all others
                                      similarly situated in the States of Tennessee, Alabama,
                                      Arizona, Florida, Hawaii, Iowa, Kansas, Maine,
                                      Massachusetts, Michigan, Minnesota, Mississippi,
                                      Nebraska, Nevada, New Mexico, New York, North
                                      Carolina, North Dakota, South Carolina, South Dakota,
                                      Vermont, West Virginia, Wisconsin and the District of
                                      Columbia, Plaintiff.

              *vs.*

                                      *Warner Chilcott Holdings Company III, Ltd.; Warner
                                      Chilcott Corporation; Warner Chilcott (US) Inc.; Galen
                                      (Chemicals), Ltd.; and Barr Pharmaceuticals, Inc.,*
                                      Defendants.

       Civil Action No.:             2:05-CV-00316

       Court in Which Action
       Is Pending:                   United States District Court for the Eastern District of
                                      Tennessee

       Presiding Judge:              The Honorable J. Ronnie Greer

8.   Title of Action:                 *Valley Wholesale Drug Company, Inc.*, individually and on
                                      behalf of all others similarly situated, Plaintiff,

              *vs.*

                                      *Warner Chilcott Holdings Company III, Ltd., Warner
                                      Chilcott Corporation, Warner Chilcott (US) Inc., Galen
                                      (Chemicals), Ltd., and Barr Pharmaceuticals, Inc.,*
                                      Defendants.

       Civil Action No.:             1:05-CV-02321-CKK

       Court in Which Action
       Is Pending:                   United States District Court for the District of Columbia

       Presiding Judge:              The Honorable Colleen Kollar-Kotelly

4

9.    Title of Action:                *Vista Healthplan, Inc.*, on behalf of itself and all others
                                   similarly situated, Plaintiff,

       *vs.*

                                             *Warner Chilcott Holdings Company III, Ltd., Warner
                                   Chilcott Corporation, Warner Chilcott (US) Inc., Galen
                                   (Chemicals), Ltd., and Barr Pharmaceuticals, Inc.,*
                                   Defendants.

     Civil Action No.:              1:05-CV-02327-CKK

     Court in Which Action
     Is Pending:                    United States District Court for the District of Columbia

     Presiding Judge:               The Honorable Colleen Kollar-Kotelly

10.   Title of Action:                *American Sales Company, Inc.*, on behalf of itself and
                                   others similarly situated, Plaintiff,

       *vs.*

                                             *Warner Chilcott Holdings Company III, Ltd., Warner
                                   Chilcott Corporation, Warner Chilcott (US) Inc., Galen
                                   (Chemicals), Ltd., and Barr Pharmaceuticals, Inc.,*
                                   Defendants.

     Civil Action No.:              1:05-CV-02335-CCK

     Court in Which Action
     Is Pending:                    United States District Court for the District of Columbia

     Presiding Judge:               The Honorable Colleen Kollar-Kotelly